# Hogg's Estate.

*Partition—Title from different ancestors—Defective return.*

In a partition of equal undivided interests in land devised by different ancestors, a return to the order of inquest is fatally defective which values the entire real estate as that of one ancestor, when in fact the estate of that ancestor is only a two-thirds interest, and all the proceedings are had in the one estate.

Argued May 20, 1903.   Appeal, No. 127, Jan. T., 1903, by
Edna E. Hogg, from decree of O. C. Lancaster Co., March T.,
1902, No. 4, sustaining exceptions to alias inquest in partition
in estate of Robert Hogg, deceased.   Before MITCHELL, DEAN,
FELL, BROWN and POTTER, JJ.   Affirmed.

Exceptions to alias inquest in partition and return.

SMITH, P. J., filed the following opinion :

Robert Hogg devised to his son, William H. Hogg, and his
granddaughter, Edna E. Hogg, each an undivided one-third
interest in a farm in Colerain township.   Rachel Hogg de-
vised to each of them the undivided one half of the other un-
divided one third of the same farm.   Thus, William and Edna
each owned an undivided one-half interest in a farm, the title
to which came to them from different ancestors.

It will serve no purpose to recite the various steps in this
somewhat protracted partition proceeding.   Our attention is
now directed to the alias inquest and return.   While the peti-
tion for the inquest recites the wills of both Robert and Rachel
Hogg, and traces the devisees' titles, it seems to contemplate a
partition only of the undivided interests devised by Robert
Hogg.   The docket entries, as well as the indorsements on
the various papers, filed, so indicate.   The order reads : " It is
ordered by the court, that the high sheriff of Lancaster county,
do again summon a jury, to view the said premises and make
partition thereof between the heirs and legal representatives of
said deceased," etc.   What deceased?   Robert Hogg.   Re-
turn of the inquest, in these words : " Appraised and valued
188 acres, more or less, (as within described,) at $39.00 per
acre, amounting to $7,332."   This return certainly did not im-
ply the parting of or the appraising of several undivided in-
terests in premises devised by different ancestors.   The whole
was appraised as having come from one.   If the two-thirds in-
terest devised by Robert Hogg had been specifically appraised
and return thereto made, the exception might have been over-
ruled and partition allowed as to the two-thirds interest; or
if the respective interests, which came from the several an-
cestors, had been separately appraised and properly distin-
guished in the return, an amendment might have cured the

other defects.   Irreconcilable inconsistencies bar the way to a confirmation of this return.

If it was the intention to partition the interests devised by both Robert and Rachel Hogg, it ought to have been made to so appear with particularity and the appraisement ought to have been clear and distinguishing.  " The return of the inquest should be free of uncertainty or ambiguity. . . .  This inquest ought to have been set aside for manifest defects even had no exceptions been filed.   Often the sheriff and jurors are unfamiliar with practice in the orphans' court, and with the statutes relative to partitions.   The statute provides that a reasonable allowance to the attorney for the petitioners may be made and taxed as if costs, and in many districts, such at torneys furnish the inquest with proper instructions and forms —a practice to be commended : " Christy's Appeal, 110 Pa. 538.

The confirmation of the inquest and return is refused.

The same is set aside at the costs of the petitioner.

*Error assigned* was the decree of the court.

*B. F. Davis*, for appellant.

*W. U. Hensel*, with him *B. Frank Kready*, for appellee.

PER CURIAM, June 2, 1903 :

This decree is affirmed on the opinion of the learned judge of the orphans' court.